## McCOTTER a. McCOTTER.

*New York Common Pleas; General Term, July,* 1863.

PARTNERSHIP.—JUDGMENT.—INNOCENT PURCHASER.—LATENT EQUITIES.

The purchaser of a judgment from the judgment-creditor, *eo nomine,* is not affected by equities between the latter and his partner, without notice thereof.

Where one allowed his partner to bring an action in his own name on a demand due the partnership,—*Held,* that he could not impeach the title of another, who had, in good faith, purchased the judgment recovered, from the former, who was plaintiff on the record.

Appeal from an order denying a motion for an injunction.

This was an action by Douglass McCotter against Alexander McCotter, Alfred E. Beach, and the Mayor, &c., of New York, to restrain the defendants McCotter and Beach from receiving certain money from the city of New York.

The plaintiff averred that he and the defendant McCotter were dealers and partners in real estate from 1852 to 1858, and as such partners purchased certain lands on Ward's Island, the title of which was taken in the name of the defendant Alexander McCotter; the interest of the plaintiff in this land, or contracts of purchase, was reduced to writing, and stated therein to be one-third of the net profits that might accrue from it. The agreement provided that J. Stearnes was to receive the same, and in case the amount could not be agreed upon, the parties were to choose arbitrators. J. Stearnes was dead. The complaint alleged that negotiations were now pending between the city of New York and the defendant McCotter, and that the former were willing to give the latter $150,000 for the land in question, and he was willing to accept it if he could not get more.

The complaint also alleged the insolvency of the defendant McCotter, and that the defendant Beach had, or claimed to

hold, the interest of the defendant McCotter for advances made
to him.

The defendants' case, as made out by their papers, was this.
The defendant McCotter said that he recovered, as plaintiff, a
judgment against the Mayor, &c., for $141,394.22. This judg-
ment was subsequently reversed, and appeal from such reversal
was now pending. That he had contracts to buy the lands in
question of various parties, the deeds of which are held *in
escrow* by the corporation counsel. That he assigned the judg-
ment to the defendant Beach, stating certain amounts he had
so far received. He showed partnership business in which
plaintiff was indebted to him. That the arbitration clause is
the essence of the contract set up by plaintiff. That if the
judgment had been paid, the interest of plaintiff would have
been trifling, if any thing, after deducting his indebtedness to
him. That it was impossible now to state the amount which
has been and would be realized by him, but he believed it could
not exceed $2,500.

The affidavit of the defendant Beach consisted in the alle-
gation of his being the purchaser of the judgment without
notice.

The plaintiff's motion for an injunction was denied, and he
took the present appeal.

*C. Bainbridge Smith*, for the appellant.—The defendant Mc-
Cotter, one of the parties against whom the injunction is asked,
does not pretend that he disposed of the plaintiff's rights, nor
that he sold to the defendant Beach all of his own, in this sale,
but alleges it is impossible to state the amount he has or will
realize. Beach alleges that he is the owner of the judgment,
without notice of plaintiff's rights. The judgment was not like
a promissory note, and he took it subject to all equities. But it
is not the reversed judgment that the corporation is about to
purchase, but the lands, in the profit in which the plaintiff is
part-owner and partner.

*Dennis McMahon*, for the respondents.—I. Under the facts,
as controverted by the defendant and presented on this motion,
the plaintiff's case to the injunction is overthrown. If the
answer denies explicitly and positively the grounds on which

the equity of the bill rests, the injunction to stay the remedy at law must be dissolved. (Skinner *a.* White, 17 *Johns.*, 357.)

II. A court of equity should not interfere to prevent apprehended wrongs, except where the complaining party would otherwise be without adequate redress. (Bouton *a.* City of Brooklyn, 15 *Barb.*, 375.) The rule is not to allow an injunction to an extent not necessary to the plaintiff's rights. (Gallatin *a.* Oriental Bank, 16 *How. Pr.*, 253.)

III. The judgment being in Alexander McCotter's name alone, as plaintiff, against "the Mayor, &c.," so permitted by the sufferance of plaintiff, the defendant Beach, in taking an assignment of that judgment from A. McCotter, had a right to suppose that he was dealing with the owner thereof; and if, in fact, he so took it, without notice of any of the plaintiff's rights or equities, he is entitled to be protected as a *bona-fide* purchaser in good faith for a valuable consideration always is protected. (Mickles *a.* Townsend, 18 *N. Y.*, 575 ; Seymour *a.* Wilson, 19 *Ib.*, 417.) The rule, that an assignee of a chose in action takes it subject to the equities, applies only to the equities existing between the party liable on the chose in action and the party claiming by virtue thereof (2 *Wash.*, 233 ; 1 *Dow.*, 50 ; see Murray *a.* Lylburn, 2 *Johns. Ch.*, 441 ; *Ib.*, 479) ; not to equities existing between the actual contractor on the face of the chose of action and a person who claims a secret interest therein. In this case, plaintiff is guilty of unpardonable laches, tending to Beach's injury.

IV. To make absolute the injunction prayed for would be entirely premature. It is by no means certain that the city will compromise the judgment in question. To anticipate what may happen seems out of place ; that, too, in a case where it is not shown that the party would otherwise be without adequate redress. (Bouton *a.* City of Brooklyn, 15 *Barb.*, 375.) The injunction, in this case, is no more nor less than enjoining an owner of a demand in suit in another court of record from proceeding in his suit, or compromising it. Such a thing was never permitted. (Grant *a.* Quick, 5 *Sandf.*, 612 ; Bennett *a.* Le Roy, 5 *Abbotts' Pr.*, 55 ; Smith *a.* American Life Ins. Co., *Clarke*, 307.) Or it may be more correctly stated as an attempt to stay the owner of a judgment in another court from compromising it. (Chappell *a.* Potter, 11 *How. Pr.*, 365.)

V. To stay proceedings on the defendant McCotter's judgment, now owned by Beach, the plaintiff in this suit must give the bond required by 2 Rev. Stat., 189, §§ 140–150. (Cook a. Dickerson, 2 *Sandf.*, 691; Watt a. Rogers, 2 *Abbotts' Pr.*, 261.)

VI. The injunction should be denied, unless it appears that the property is in danger of being lost, or materially injured or impaired, before the full investigation and final determination of the case. (Hamilton a. Accessory Transit Co., 3 *Abbotts' Pr.*, 255.)

VII. Treating the partnership as existing at the time of the recovery of the judgment, the elder McCotter had a right to sell partnership property, and apply the proceeds of sale for partnership purposes. (See Mabbett a. White, 12 *N. Y.*, 442.)

BY THE COURT.—BRADY, J.—The interest of the plaintiff in the profits arising from the sale of the land, mentioned in the complaint, to the Corporation, was merged in the judgment recovered by his father and partner, A. McCotter. The plaintiff, though interested in the transaction as a partner of Alexander, permitted the negotiations for a purchase and sale to be conducted in the name of the latter; and when the defendants, the Corporation of New York, declined to take the land, also permitted the defendant Alexander, his partner, to bring an action in his, Alexander's, name for a specific performance, and to recover a judgment in his name. The plaintiff acquiesced in these various incidents, all of which were calculated to convey, and must have established, the belief that Alexander was the sole party in interest. Under such a belief, the defendant Beach purchased the judgment, and as an innocent purchaser he must be protected. This is an answer to the plaintiff's motion, without reference to many other circumstances, which show that this is not a case in which the injunction should be continued, even were there reason to believe that the defendant Beach knew of the plaintiff's claim when he purchased the judgment. In the view I take of this case, already expressed, it is not necessary, however, to array these circumstances. It is enough that a latent claim is urged against a purchaser in good faith, without notice. If the Corporation had equities against the judgment, they could be urged against the defendant Beach, and they seem to have been by the appeal to the Court

of Appeals. It is idle to say that the purchase of a judgment from the judgment-creditor, *eo nomine*, is affected by equities between him and his partner, without notice thereof to the assignee.

The order appealed from should be affirmed, with $10 costs.

DALY, F. J., and HILTON, J., concurred.